IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHIRLEY A. PETERSON,

    Plaintiff,

v.                                                     Civil Action No. 1:04CV76
                                                           (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**ACCEPTING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

The plaintiff, Shirley A. Peterson, filed an action in this Court on April 22, 2004 seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B).[1] The defendant filed an answer to plaintiff's complaint on June 23, 2004. The plaintiff filed a motion for summary judgment on July 28, 2004. The defendant filed a motion for summary judgment on August 30, 2004. The plaintiff filed a reply to defendant's response on September 13, 2004.

---

[1] This case was originally referred to Magistrate Judge John S. Kaull. It was transferred by order of reference entered on November 29, 2004 to Magistrate Judge James E. Seibert.

Magistrate Judge Seibert considered the plaintiff's and defendant's motions for summary judgment, and submitted a report and recommendation. In his report, the magistrate judge recommended that the plaintiff's motion for summary judgment be denied in part and that the defendant's motion for summary judgment be granted in part because the plaintiff's statements alone do not establish an existence of physical impairment; the Appeals Council gave an adequate explanation; plaintiff's subsequent award of disability was irrelevant to this case; and the Administrative Law Judge ("ALJ") determined the plaintiff can perform light work, establishing plaintiff's argument is without merit. Therefore, this case requires remand to the ALJ to properly consider plaintiff's credibility.

Upon submitting this report, Magistrate Judge Seibert informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed by the parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes

are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

On September 8, 1995, the plaintiff filed her first application for Social Security Income ("SSI") payments, alleging disability since September 1, 1994. The Commissioner denied her application. On May 19, 1996, the plaintiff filed her second application for SSI payments alleging disability since September 1, 1994. The second application was denied initially and on reconsideration. The plaintiff requested a hearing, which was dismissed due to late filing. The plaintiff appealed the dismissal and the Appeals Counsel vacated the dismissal order and remanded the case to the hearing office.

On October 14, 1998, the plaintiff filed the third application for SSI payments, alleging disability since September 1, 1994. The application was denied initially and on reconsideration. The applications were consolidated for one administrative hearing, held on January 27, 2000 before an ALJ. On August 22, 2000, the ALJ determined that the plaintiff had not been under a disability within the definition of the Social Security Act. On February 21, 2004, the Appeals Council denied plaintiff's request for review of

the ALJ's decision. The plaintiff then filed the present action with this Court.

## III. Applicable Law

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

## IV. Discussion

The plaintiff filed a motion for summary judgment asserting that the ALJ erred in finding that she is able to perform work that requires light exertion and that the Commissioner's Vocational Guidelines direct a finding that the plaintiff is disabled.

A. Plaintiff's Ability to Perform Light Work

In her motion for summary judgment, the plaintiff contends that her testimony was credible, consistent with the evidence provided, and supported by Dr. Michael Maroon. First, the plaintiff asserts that her testimony is credible because she followed the recommendations of her treating physicians. Second, the plaintiff argues that her statements to treating and non-

4

treating examining physicians regarding her functional limitations support a finding that she is disabled. Third, the plaintiff argues that Dr. Michael Maroon concluded that she could not work full time and the Commissioner agreed with this conclusion because she found that the plaintiff was disabled as of November 18, 2000. The plaintiff argues that this Court should grant summary judgment in the above-styled action because the Commissioner erred in finding her capable of working full time.

   1.   Credibility

The magistrate judge considered the plaintiff's argument in light of the two-prong test set forth in Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). First, the ALJ must expressly consider whether the claimant has demonstrated an impairment, by objective medical evidence, that caused the degree and type of pain alleged. Once this determination has been made, the ALJ then must consider the credibility of her subjective allegations of pain in light of the entire record. The ALJ felt that the claimant's impairments could not cause the degree and pain that she alleged are disabling her from working. The ALJ stated that the claimant alleges she could not perform any lifting. (Report and Recommendation 19.) The plaintiff admitted she could so some lifting, such as grocery shopping and housework. She can lift a five pound bag of potatoes and a gallon of milk. (Report and Recommendation 19.) The magistrate judge correctly found that this issue should be remanded for the ALJ to properly consider the plaintiff's credibility

consistent with the fact that she admitted she can perform some lifting tasks.

    2.   <u>Claimant's Statements</u>

Plaintiff maintains that her statements regarding her limitations prove that the pain from her degenerative arthritis has caused a mental impairment. The plaintiff complained of knee pain on numerous occasions from December 1996 until May 1999 to treating and non-treating physicians. (Pl.'s Mot. Summ. J. at 10-13.) The plaintiff asserts that her statements support a finding that she is unable to work. Thus, the plaintiff argues that her statements alone are sufficient to support a finding that she cannot perform light work functions.

The magistrate judge applied 20 C.F.R. §§ 404.1528(a) and 416.928(a) to this case. Title 20, Code of Federal Regulations, Section 404.1528(a) defines medical findings as consisting of symptoms that "are your own description of your physical . . . impairment. Your statements alone are not enough to establish that there is a physical . . . impairment." (20 C.F.R. § 416.928(a) restates the same proposition as § 404.1528(a)). In the plaintiff's motion for summary judgment, she only relied on her written and oral statements to support her argument that she cannot perform light work. (Pl.'s Mot. Summ. J. at 10-13.) The magistrate judge correctly concluded that the plaintiff's statements, without other medical findings, do not establish that she is impaired. The magistrate judge correctly remanded this

issue to the ALJ to determine the effect of plaintiff's statements, which depend on the ALJ's credibility determination.

    3.  New Evidence

In October 2000, Dr. Michael Maroon examined the plaintiff for purposes of renewing her Medicaid card. This was almost two months after the ALJ's decision. The plaintiff was awarded disability benefits on November 18, 2000. The plaintiff asserts that the Appeals Council should have given this new evidence controlling weight.

The magistrate judge correctly found that evidence of a subsequent award of benefits cannot be used when the district court reviews the ALJ's decision. Wilson v. Apfel, 179 F.3d 1276, 1279 (11th Cir. 1999).[2] Thus, the plaintiff's award of disability benefits on November 8, 2000 cannot be viewed as new evidence. The magistrate judge correctly determined that the subsequent award of benefits and Dr. Michael Maroon's evaluation are irrelevant to this case.

B.  Vocational Guidelines

In plaintiff's second argument, she maintains that she is limited to sedentary work and according to the guidelines, she is disabled. (Report and Recommendation 21.) The ALJ determined that the plaintiff is limited to light work. In the report and recommendation, the magistrate judge concluded that since the ALJ

---

[2] The magistrate judge correctly notes that according to Apfel, 179 at 1279, the role of the district court is to review the evidence that was established prior to the date of the ALJ's decision.

7

determined that the plaintiff is limited to light work her argument is without merit. Thus, according to the guidelines, if the plaintiff can perform light work functions she is not disabled.

## V. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the this case be REMANDED for the ALJ to properly consider claimant's credibility, that plaintiff's motion to summary judgment be DENIED IN PART and that the defendant's motion for summary judgment be GRANTED IN PART because plaintiff's statements do not establish a physical impairment; the Appeals Council's explanation was not in error; the plaintiff's subsequent award of disability is irrelevant to this case; and the ALJ determined that the plaintiff is limited to light work. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      September 26, 2005

                                                                            /s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE