IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHIRLEY A. PETERSON,

        Plaintiff,

v.                                      Civil Action No. 1:04-cv-76
                                      (Judge Stamp)

MICHAEL ASTRUE,
Commissioner of Social Security,

        Defendant.

**REPORT AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION FOR
AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT
BE GRANTED IN PART AND DENIED IN PART AND ORDER GRANTING MOTION
FOR LEAVE TO FILE**

**I. Introduction**

A.    <u>Background</u>

       Plaintiff, Shirley A. Peterson, (Claimant), filed her application for award of attorney's

fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), on December 15,

2005.[1] Claimant filed a motion to supplement the record on December 20, 2005.[2] Commissioner

filed a response to the application on January 30, 2006.[3] A hearing was held before this Court on

May 1, 2007.

B.    <u>The Motion</u>

       Claimant's application for award of attorney's fees under the Equal Access to Justice Act

---

[1] Docket No. 19

[2] Docket No. 20

[3] Docket No. 21

C.    Recommendation and Order

I recommend that Claimant's application for award of attorney's fees under the Equal Access to Justice Act be GRANTED IN PART and DENIED IN PART.  Commissioner lacked substantial justification for litigating this case on the facts.  This entitles Claimant to an award of attorney fees.  The amount of time Claimant has billed is excessive and Claimant has sought compensation for some time where she may not receive fees.  Furthermore, the fee should be calculated using historic rates.

Claimant's motion to supplement the record is hereby GRANTED.

## II.  Facts

Claimant filed her complaint on April 22, 2004, seeking judicial review pursuant to 42 U.S.C. § 1383(c)(3) of an adverse decision by Defendant, Commissioner of Social Security, (Commissioner).[4]  Commissioner filed his answer on June 23, 2004.[5]  Claimant filed her motion for summary judgment on July 28, 2004.[6]  Commissioner filed his motion for summary judgment on August 30, 2004.[7]  This Court entered a report and recommendation on April 25, 2005, recommending that the action be remanded to the Commissioner for further consideration of Claimant's credibility regarding her subjective complaints of pain.[8]  On September 27, 2005, the Honorable Frederick P. Stamp, U.S. District Judge, entered an order accepting and adopting

---

[4] Docket No. 1

[5] Docket No. 5

[6] Docket No. 11

[7] Docket No. 13

[8]  Docket No. 16

the report and recommendation in its entirety.[9]

### III.  Claimant's Application for Award of Attorney's Fees

A.    <u>Contentions of the Parties</u>

Claimant contends that the Court should award attorney fees because the legal and factual arguments of Commissioner in support of the ALJ's opinion were not substantially justified.  Claimant notes Commissioner did not file objections to the Undersigned's report and recommendation that the case be remanded.

Commissioner contends that his position in opposing an award of benefits was substantially justified.  If the Court finds Commissioner lacked substantial justification, Commissioner asks for a reduction in the fee Claimant seeks.

B.    <u>The Standards</u>

1.    <u>EAJA Fees to Prevailing Party</u>.  Upon a timely petition, a party who prevails in litigation against the United States is entitled to EAJA attorneys' fees if the government's position was not substantially justified and no special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A); <u>Crawford v. Sullivan</u>, 935 F.2d 655, 656 (4th Cir. 1991).

2.    <u>General Eligibility Requirements</u>.  In order to be eligible for an award of fees, the following requirements must be met: (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement.  28 U.S.C. § 2412; <u>Crawford</u>, 935 F.2d at 656.

3.    <u>Substantial Justification - Definition</u>.  Substantial justification means justified in

---

[9] Docket No. 17

substance or in the mains, rather than justified to a high degree, and even losing arguments could commonly be found to be substantially justified. Pierce v. Underwood, 487 U.S. 552, 565-69 (1988). The test is whether arguably there was substantial evidence to support the Government's position that Claimant was not entitled to benefits. Crawford v. Sullivan, 935 F.2d at 657. Substantial justification requires at least "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce, 487 U.S. at 565.

     4.     Substantial justification - Burden of Proof. In the district court, the government has the burden of showing substantial justification. Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988).

     5.     Substantial justification - Independent Determination by the Court. While the burden of showing substantial justification is on the government, a district court may find that the record before it demonstrates that substantial justification exists for a litigation position. Campbell v. Bowen, 800 F.2d 1247, 1249 (4th Cir. 1986).

     6.     Substantial justification - Law and Fact. The government's position must be substantially justified in both fact and law. Pierce, 487 U.S. at 565; Crawford, 935 F.2d at 656. An accurate recital of law by the government cannot excuse a substantially unjustified position on the facts. Thompson v. Sullivan, 980 F.2d 280, 282 (4th Cir. 1992) (finding that the government faced a difficult task to convince the Court that its position was substantially justified in fact when the record was replete with objective medical evidence of a condition that could cause pain).

     7.     Substantial justification - Disputed Facts. Where eligibility for benefits turns on disputed facts, the ultimate award of benefits does not necessarily mean that the Secretary was

unjustified in contesting the claim.  Thompson, 980 F.2d at 282.

       8.      Substantial justification- Arguably Defensible Administrative Record.  A position based on an arguably defensible administrative record is substantially justified.  Crawford, 935 F.2d at 658.  Although the Secretary's original decision may be found to be based on an inadequately developed record, it does not necessarily mean that the position is not substantially justified.  Sigman v. U.S. Dep't. of Health and Human Servs., 961 F.2d 211 (4th Cir. 1992) (unpublished).

       9.      Substantial justification - Government Ignores the Law.  Administrative agencies must follow the law of the circuit whose courts have jurisdiction over the cause of action.  Hyatt v. Heckler, 807 F.2d 376, 379 (4th Cir. 1986).  The government's policy of non-acquiescence to the law of the circuit entitles the claimant to recover attorney fees.  Id. at 382.  A policy of non-acquiescence cannot be substantially justified.  Thompson, 980 F.2d at 283.

       10.     No Automatic Rights to Attorneys' Fees When ALJ's Decision is Remanded. Commissioner is not automatically liable for attorney's fees every time he loses a case. Crawford, 935 F.2d at 657.  There is no "presumption that the government position was not substantially justified, simply because it lost the case."  Id. (citing Tyler Business Services, Inc. v. NLRB, 695 F.2d 73, 75 (4th Cir. 1982)).  Even when the case is remanded for reconsideration of the original denial of benefits and Commissioner ultimately reverses his original position, the government can still demonstrate that its original position was substantially justified.  Cook v. Sullivan, 935 F.2d 1285 (4th Cir. 1991) (unpublished).

       11.     Substantial Justification versus Substantial Evidence.  The substantial justification inquiry requires a new, independent exercise of judicial judgment not pre-ordained by any prior

assessment of the merits.  Evans v. Sullivan, 928 F.2d 109, 110 (4th Cir. 1991).  Whether an

ALJ's denial of benefits is supported by substantial evidence on the record as a whole (the merits

question) is not congruent with whether that denial, or its defense in court, was substantially

justified (the fee award question).  Cook, 935 F.2d at 1285.  While obviously related, the two

standards "do not logically compel the same answers or even raise legal presumptions in that

direction." Id.

     12.    Final Judgment - Timely Filing of Application.  A party seeking an award of fees

and expenses shall, within thirty days, of final judgment, submit to the court an application for

fees and other expenses that shows that the party is the prevailing party and is eligible to receive

an award, the amount sought, including an itemized statement stating the actual time expended,

and the rate at which fees and other expenses were calculated.  42 U.S.C. § 2412(d)(1)(B).

     14.    Final Judgment - Prevailing Party - Generally.  A party prevails by succeeding on

any significant issue in litigation which achieves some of the benefit the parties sought in

bringing suit.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

     15.    Final Judgment - Sentence Four Remand - When the Filing Period Begins.  The

thirty-day filing period under the EAJA begins to run after the court judgment affirming,

modifying, or reversing the administrative decision is entered and the period for appealing the

judgment has run, so that the judgment is no longer appealable.  Melkonyan v. Sullivan, 501

U.S. 89, 96 (1991).  When the United States is a party, the period for appealing the judgment is

60 days.  Fed. R. App. P. 4.

     16.    Final Judgment - Sentence Four Remand - Formal Judgment.  Because a remand

order under sentence four is final for all purposes, it must be accompanied by a formal judgment

under Rule 58 of the Federal Rules of Civil Procedure; however, an EAJA application is not untimely where the time for appeal has not expired because the remanding order has failed to enter the formal judgment as required by Rule 58. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993).

17. <u>Discretion to Award Attorneys' Fees</u>. A decision to award attorneys' fees under EAJA is within the sound discretion of the district court. May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991). The amount of attorney's fees is within the discretion of the district court. Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir. 1992).

C. <u>Discussion</u>

In order to be eligible for fees under EAJA, the following four requirements must be met: (1) the claimant was the prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. Crawford, 935 F.2d at 656.

## 1. Prevailing Party

Claimant is a prevailing party because by obtaining a remand by the district court she succeeded on a significant issue in the litigation which achieved some of the benefit she sought in bringing the suit. Hensley, 461 U.S. at 433.

## 2. Timely Filing

The district court entered its order accepting and adopting the Undersigned's report and recommendation on September 27, 2005. Commissioner therefore had until November 28, 2006, to file an appeal. Fed. R. App. P. 4. The thirty day period under EAJA began to run after that date when Commissioner did not appeal. Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991).

Claimant filed her application for attorneys' fees on December 15, 2005, along with an itemized statement detailing counsel's work. Claimant's application for attorney's fees was filed within thirty days after the period for appealing the judgment had run; therefore, the motion was timely filed.

3. Special Circumstances

Neither party argues, and the Court does not believe, that there are any special circumstances present that would make an award of fees unjust.

4. Substantial Justification

The issue here is whether Commissioner's position in opposing the awarding of benefits was substantially justified. In order to be substantially justified, Commissioner must rely on an arguably defensible administrative record. Crawford, 935 F.2d at 658. Commissioner maintains that he relied on a defensible administrative record in this case.

A party who prevails in litigation against the United States is entitled to attorney's fees under EAJA if the government's position was not "substantially justified." Id. at 656. The Government bears the burden of proving "substantial justification." Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988). The government can defeat a claim for attorney fees by showing that its position had a reasonable basis in both fact and law. Crawford, 935 F.2d at 656 (citing Pierce, 487 U.S. at 565).

In this case, the Court concludes the government's position was not substantially justified since the ALJ's credibility analysis plainly misunderstood the facts. Claimant stated at the administrative hearing that she could lift about five pounds. (Report and Recommendation 19). Nevertheless, the ALJ stated when analyzing Claimant's credibility that Claimant alleged she

8

could perform no lifting.  (Id.).  This was obviously contrary to how Claimant testified.

Claimant pointed this fact out in her brief in support of her motion for summary judgment.  Pl.'s

Br. at 8.  When Commissioner filed his brief, he ignored this error.  Commissioner lacked

substantial justification for litigating these facts.

5.  Reasonableness as to Number of Hours and the Fee Involved

Claimant requests $159 per hour for 34.6 hours of attorney work.  In total, Claimant

requests $5,501.40 under EAJA.  Commissioner opposes Claimant's request by arguing the

amount of time Claimant expended on the case was excessive.  Commissioner also objects that

Claimant seeks compensation for clerical work.  Finally, Commissioner contends Claimant has

mis-calculated the fee permissible under EAJA by using current rather than historical rates.

The Court first examines the number of hours for which Claimant seeks compensation.

Counsel has a duty to only seek compensation for a reasonable amount of work.  Gough v.

Apfel, 133 F. Supp. 2d 878, 880 (W.D. Va. 2001).  The district court has discretion to determine

an appropriate number of hours.  Id.  Document filing, document organization, and other routine

clerical matters do not receive any compensation.  Keith v. Volpe, 644 F. Supp. 1312, 1316

(C.D. Cal. 1986).

Commissioner contends that Claimant's decision to bill for 12.5 hours to review the

record of this case after filing suit is excessive.  Commissioner states that since the same counsel

represented Claimant at the administrative level, counsel should have been familiar with the facts

and not have required a large amount of time to review the record.  Commissioner asks the Court

to permit only 3 hours for reviewing the record.  Commissioner also asks the Court to reduce the

hours billed by .75 for tasks that were clerical in nature.

This Court partially agrees with Commissioner's argument regarding time spent reviewing the record. In the Court's experience, the amount of hours billed for review is excessive. However, the Court also recognizes the large amount of time that elapsed between the case at the administrative level and the case at this Court. The ALJ issued a decision denying benefits in August 2000. (Report and Recommendation 3). The Appeals Council waited until February 2004 to deny Claimant's request for review. (Id.). It is natural that counsel would lose familiarity with the case after so great a time. The Court will permit 6 hours for review of the record.

The Court agrees with Commissioner that the hours billed should be reduced by .75 for clerical work. Claimant has sought .5 hours for "Copying, assembling" and .25 hours for "Copied, assembled reply." These appear to be routine clerical tasks that are included in overhead expenses and do not receive compensation under EAJA. Keith, 644 F. Supp. at 1316.

Accordingly, the Court finds the hours Claimant has billed for should receive a reduction of 7.25 hours. This leaves 27.35 hours to receive compensation.

The Court now addresses Commissioner's objections regarding the calculation of the fee. Fees are capped at $125.00 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). This Court does recognize that an increase in the cost of living justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). See also Harris v. Sec'y, 792 F. Supp. 1014 (E.D. Va. 1991). The $125 per hour cap was incorporated as part of an amendment to EAJA on March 29, 1996. Fees are awarded based on historic rates, not on the current rates. Hyatt v. Apfel, 195 F.3d 188, 191 (4th Cir. 1999).

Historic rates are "those in effect at the time the attorney hours were expended." Nat'l Wildlife Fed'n v. Hanson, 859 F.2d 313, 318 (4th Cir. 1988). The Fourth Circuit has also held that attorney work "should be identified by year, and the applicable rate for that year should then be multiplied by the number of hours expended during the year." Id. The 27.35 hours of work of work eligible for attorney fees are divided as follows: 25.15 hours in 2004 and 2.2 hours in 2005.

To calculate a cost of living increase, the EAJA rate of $125 is multiplied by the Consumer Price Index for All Urban Consumers for the Southern Region (CPI) applicable during the year when the work was performed, and then divided by 152.4, which was the CPI for March 1996, when the EAJA rate of $125 became applicable. The Court calculates the fee as follows:

CPI average 2004 = 181.8 (Baseline 1982-84 = 100)[10]

CPI average 2005 = 188.3 (Baseline 1982-84 = 100)[11]

(125 x 181.8) / 152.4 = 149.11 (rate applicable in 2004)

(125 x 188.3) / 152.4 = 154.45 (rate applicable in 2005)

25.15 hours (amount of work in 2004) x 149.11 (2004 rate) = $3,750.12

2.2 hours (amount of work in 2005) x 154.45 (2005 rate) = $339.79

3,750.12 + 339.79 = $4,089.91 (total award)

## IV. Recommendation

Based on the forgoing, I recommend that Claimant's application for award of attorney's fees under the Equal Access to Justice Act be GRANTED IN PART and DENIED IN PART. Commissioner lacked substantial justification for litigating this case on the facts. This entitles

---

[10] http://data.bls.gov/PDQ/servlet/SurveyOutputServlet (last visited August 2, 2007)

[11] http://data.bls.gov/PDQ/servlet/SurveyOutputServlet (last visited August 2, 2007)

Claimant to an award of attorney fees. The amount of time Claimant has billed for is excessive and Claimant has sought compensation for some time where she may not receive fees. Furthermore, the fee should be calculated using historic rates.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days after this Report and Recommendation is entered, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

DATED: August 7, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE