IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


SHIRLEY A. PETERSON,

    Plaintiff,

v.                                            Civil Action No. 1:04CV76
                                                                     (STAMP)
MICHAEL J. ASTRUE,[1]
Commissioner of Social
Security Administration,

    Defendant.


**<ins>MEMORANDUM OPINION AND ORDER</ins>**
**<ins>ADOPTING AND AFFIRMING REPORT AND</ins>**
**<ins>RECOMMENDATION OF THE MAGISTRATE JUDGE</ins>**

I.  <ins>Background</ins>

The plaintiff, Shirley A. Peterson (hereinafter "the claimant"), filed an application for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The claimant also filed a motion to supplement the record. The Commissioner filed a brief in opposition to the claimant's motion for attorney's fees. This matter was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). Magistrate Judge Seibert considered the claimant's application for an award of attorney's fees under the EAJA and the response thereto and

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for former Commissioner Jo Anne B. Barnhart as the defendant in this action.

submitted a report and recommendation. In his report, the magistrate judge granted the claimant's motion to supplement the record and recommended that the claimant's motion for attorney's fees be granted in part and denied in part. Specifically, the magistrate judge found that the Commissioner lacked substantial justification for litigating this case on the facts and that the claimant is therefore entitled to attorney's fees. The magistrate judge also found, however, that the amount of time the claimant has billed for is excessive and that the claimant has sought compensation for some time where she may not receive fees. Accordingly, Magistrate Judge Seibert recommended a total award of $4,089.91.

Upon submitting this report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. No objections were filed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a <u>de novo</u> review of those portions of the magistrate judge's findings to which an objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived. <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp.

825 (E.D. Cal. 1979). Because no objections have been filed in this case, this Court will review the report and recommendation for clear error.

## II. Applicable Law

Title 28, United States Code, Section 2412(d)(1)(A) provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

A plaintiff is eligible for an award of fees under the EAJA when: (1) the plaintiff is the prevailing party in the underlying action; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) a motion for an award of fees is submitted to the court within 30 days of final judgment. Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

The United States Court of Appeals for the Fourth Circuit has held that it is the government's burden to prove that its position in the underlying litigation was substantially justified. See id. (citing Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988)). The government's position is substantially justified when it is "'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The United States Supreme Court has held that this definition "is no different from

the 'reasonable basis both in law and fact' formulation adopted by . . . the vast majority of . . . Courts of Appeals that have addressed this issue." Id.

In social security cases, judicial review by a district court involves review of the administrative record and cross motions for summary judgment. See Smith v. Heckler, 739 F.2d 144, 147 (4th Cir. 1984).

> Therefore, the government's position in the district court normally would be substantially justified if, as is usual, the United States Attorney does no more than rely on an arguably defensible administrative record. In such a situation, the EAJA would not require an award of attorneys' fees. Moreover, entry of summary judgment for the claimant raises no presumption that the government's position was not substantially justified.

Id. (citing Tyler Bus. Serv., Inc. v. Nat'l Labor Relations Bd., 695 F.2d 73, 75 (4th Cir. 1982)).

### III. Discussion

The magistrate judge found that the claimant satisfies all of the elements required to prevail on a petition for EAJA attorney's fees: claimant is the prevailing party, claimant's motion for fees was timely filed, no special circumstances are present that would make an award of attorney's fees unjust and the Commissioner's position in opposing an award of benefits to the claimant was not substantially justified. Accordingly, the magistrate judge recommends an award of attorney's fees to the claimant.

This Court finds no clear error the magistrate judge's recommendation. At the hearing before the Administrative Law Judge ("ALJ"), the claimant stated that she could lift about five pounds.

(Report and Recommendation on Compl. 19). In his decision, however, the ALJ stated that the claimant had alleged that she could do no lifting. Id. This statement was obviously contrary to the claimant's testimony and, in light of the ALJ's clear mistake, the Commissioner lacked substantial justification for litigating these facts. Accordingly, the plaintiff's application for attorney's fees should be granted. Nonetheless, this Court agrees that the amount of fees requested by the plaintiff is not reasonable. The magistrate judge calculated that a reasonable fee award in this case would total $4,089.91. The parties have not objected to the adjusted calculation, therefore, this Court, finding the calculation to be reasonable, adopts the fee award as recommended by the magistrate judge.

## IV. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, the claimant's motion for attorney's fees is GRANTED IN PART AND DENIED IN PART. The respondent is directed to remit to the claimant $4,089.91 in attorney's fees.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:      January 18, 2008

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE